UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUFINO OSORIO,

                Petitioner,

vs.                              Case No. 2:07-cv-256-FtM-29SPC

SECRETARY, DOC,

                Respondent.
_____

**OPINION AND ORDER**

**I. Status**

Petitioner Osorio initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on April 24, 2007. Respondent filed a Response (Doc. #19, Response) to the Petition and supporting exhibits (Doc. #23, Exhs. 1-22; Vol. I-III) consisting of, *inter alia*, hearing transcripts.[1] Petitioner filed a Reply (Doc. #29, Reply). This matter is ripe for review.

**II. Procedural History**

Petitioner was charged with second-degree murder, attempted second-degree murder and attempted car jacking in case number 03-729CF arising in the Twentieth Judicial Circuit, Lee County, Florida. Exh. 1. On August 27, 2003, Petitioner entered a guilty plea. Exh. D. Pursuant to the plea terms, Petitioner was

---

[1]Respondent's exhibits including extraneous exhibits concerning a different defendant, Roosevelt Marion. See Vol. II.

adjudicated guilty and sentenced to a minimum-mandatory prison term of thirty-five years on the second-degree murder and attempted car jacking counts, and a concurrent fifteen-year sentence on the attempted second-degree murder count.

On September 9, 2004, Petitioner filed an appeal of his plea-based judgment pursuant to Fla. R. Crim. P. 3.170. In the appeal, Petitioner claimed: (1) trial counsel did not move to suppress his confession on grounds of coercion; (2) did not request supplemental discovery; (3) lied about the facts of the case; and (4) advised Petitioner if he did not plea, he would get the death penalty. See Exh. 2 at 1; Response at 3. Petitioner submitted that he did not understand English well, and, as such, did not understand all of his options when entering the guilty plea. Id. The court appointed Petitioner conflict-free counsel and held an evidentiary hearing on April 28, 2004. Vol. II at 55. After the hearing, on May 12, 2004, the judge entered an order denying Petitioner's motion. Exh. Vol. II at 132.

Petitioner appealed the court's denial of his Rule 3.170 motion. Appellate counsel for Petitioner filed an Anders[2] brief. Exh. 2. Because appellate counsel filed a brief asserting no arguable merit, the appellate court allowed Petitioner to file a *pro se* brief. Exh. 3. Petitioner filed a *pro se* brief and then a supplemental *pro se* brief. Exhs. 4, 7. The appellate court *per*

---

[2]Anders v. California, 386 U.S. 738 (1967).

*curiam* affirmed the trial court's decision. Exh. 9. Rehearing was denied on July 25, 2005.

Petitioner filed a *pro se* motion pursuant to Fla. R. Crim. P. 3.850, in which he raised three grounds of relief. Exh. 12. Petitioner claimed that trial counsel rendered ineffective assistance, thereby rendering his plea void, when counsel: (1) failed to file a motion to suppress; (2) failed to ensure that the trial judge knew that Petitioner understood the elements of the offense and consequences of the plea; and (3) failed to advise Petitioner of the Constitutional rights he was waiving by entering the plea. Id. The State filed a Response to Petitioner's Rule 3.850 motion. Exh. 13. The post-conviction court denied Petitioner's Rule 3.850 motion. Exh. 14. Petitioner appealed the order denying his Rule 3.850 motion. The appellate court *per curiam* affirmed the trial court. Osorio v. State, 949 So. 2d 208 (Fla. 2d DCA 2007)[table].

Petitioner initiated the Petition *sub judice* on April 20, 2007, raising three grounds of relief.[3] This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d

---

[3]Ground two of the Petition has two sub-parts.

1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### III.  Findings of Fact and Conclusions of Law

**A. General Legal Principles**

Post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).[4] A federal court may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. Estelle v. McGuire, 502 U.S. 62, 68 (1991); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). Questions of state law are only reviewed to determine whether the alleged errors rendered "the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055.

Where a petitioner's claim raises a federal question that was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's

---

[4]The AEDPA imposes a one-year statute of limitations on § 2254 actions. 28 U.S.C. § 2244(d). Respondent concedes that the Petition is timely filed in this Court. Response at 5. The Court agrees that the Petition is timely.

decision. See Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson, 527 F.3d at 1146; Wright v. Sec. Dept. of Corrections, 278 F.3d 1245, 1253-54 (11th Cir. 2002). See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 127 S. Ct. 649, 653 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or

constitutes an unreasonable application of, "clearly established Federal law." Wright v. Van Patten, 128 S. Ct. 743, 747 (2008); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown, 544 U.S. at 141; Mitchell, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting

-6-

Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review *de novo*; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. Rice v. Collins, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker

v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001) (citation omitted).

**B.  Guilty Plea Proceedings**

Here, Petitioner challenges his plea-based judgment and argues that trial counsel rendered ineffective assistance by: (1) failing to file a motion to suppress his confession; (2) (a) failing to ensure that the judge personally knew that Petitioner understood the true nature and element of the charges, and (b) failing to investigate his claim of self-defense; and (3) failing to explain the impact of the guilty plea.  Petition at 6-9.

A federal habeas court reviews a state court guilty plea only for compliance with federal constitutional protections.  "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'"  Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991)(other citations omitted).  For a guilty plea to be entered knowingly and intelligently, "'the defendant must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternative that are

-8-

available.'" Finch v. Vaughn, 67 F.3d 909, 914 (11th Cir. 1995)(citations omitted) (emphasis in original).

Ineffective assistance of counsel may require that a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension. See Hill v. Lockhart, 474 U.S. 52, 56 (1985)(quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)) (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"). However, a knowing and voluntary plea waives all constitutional challenges to a conviction, including a claim of ineffectiveness of counsel. Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); see also Hutchins v. Sec'y Dep't of Corrections, 273 Fed. Appx. 777 (11th Cir. 2008)(affirming district court's dismissal of a petition challenging effectiveness of counsel when the plea was knowingly and voluntary entered).

Here, the record shows that the trial court found Petitioner's plea was entered knowingly and voluntarily and this Court gives deference to the state court's determination. The facts presented by the prosecutor at the plea hearing are as follows:

> On or about February 18th . . ., one of the victims, Jerry Crone– who is present in the courtroom– was on his way to work and was picking up his partner– who is sitting there next to him–– Orlando Moore.

> At that time, the defendant, covered in blood, approached Mr. Crone's truck, produced a firearm and ordered Mr. Crone out of the truck.
>
> Mr. Crone, who is a bail bondsman, was armed and drew his weapon, at which time the defendant fled. At that time, he warned Mr. Moore, who was standing nearby, and Mr. Moore drew his weapon. They both took Mr. Osorio into custody.
>
> When Mr. Crone asked Mr. Osorio who were your partners, who were your accomplices, the defendant said, I killed them— when he asked where they were, the defendant said that he killed them.
>
> Meanwhile, the sheriff's office was responding to the area on reports of some gunshots being heard. It was later found that Jose Rivera was found dead in the area, as well as, Elibel Rivera was found shot and stabbed, but was still alive.
>
> Further investigation revealed Mr. Osorio as a suspect in the killings. When the police interviewed Mr. Osorio post Miranda, he confessed to sending the two victims away from the apartment they were in to get food.
>
> While they were getting food, he obtained two guns, loaded them, and waited for them to return. When they came to the apartment, he shot them. He chased them through the parking lot, he shot and killed Jose Rivera.
>
> He shot Elibel Rivera, but ran out of bullets, at which time he produced a knife and started stabbing Elibel Rivera. Once he stabbed him, he attempted to flee, and that's when he ran into Mr. Crone.

Exh. Vol. II. After the State presented these facts, Petitioner tendered his plea. At the conclusion of the plea hearing, the trial court specifically found:

> THE COURT: I think you are competent, alert and able to tender this plea. I think you've done it freely and voluntarily with the full knowledge of the consequences. I further find there to be a factual basis for the plea. Having made these findings, I accept it.

Exh. Vol. V.

The trial transcript reflects that the trial judge and counsel asked Petitioner a series of questions prior to accepting the plea. See Id. Specifically, the transcript from the plea hearing shows that Osorio was present when counsel told the Court that Petitioner was entering the plea. Petitioner Osorio stated under oath that he discussed the case with his attorney, his lawyer explained all of his rights to him with respect to the plea, and understood what his sentence would be if he plead guilty to the charges even prior to the plea colloquy. Id. Osorio stated that he was not under the influence of any substance, was not coerced or threatened to enter the plea, and that he read his plea form and was also read the plea form by a Spanish interpreter. Osorio answered affirmatively that he believed the plea was in his best interests and that he understood his constitutional rights. Based on the foregoing, it is clear that Petitioner knowingly and voluntarily plead guilty to the offenses for which he was convicted, thereby waiving any ineffective assistance of counsel claim. Alternatively, petitioner's specific claims are addressed below.

**(1) Failure to File Motion to Suppress:**

Petitioner challenges the entry of his plea by faulting his trial counsel for not filing a motion to suppress his confession. Petitioner submits that he told defense counsel he was intoxicated and had not slept or ate for days before giving his confession. This issue was developed at the evidentiary hearing before the trial court and Petitioner was denied relief on this claim. Exh.

at Vol. II. The trial court specifically relied upon testimony from Petitioner's defense counsel, Assistant Public Defender Neil McLoughlin, who "testified that he did discuss with [Osorio] the issue of suppression of his confession, but did not believe that there was any good faith basis to move for suppression." Id. The post-conviction court further noted that "[Osorio] did not present evidence which would refute McLoughlin's opinion that there was no good faith basis for the filing of a motion to suppress." The same issue was raised in Petitioner's subsequent Rule 3.850 motion. The post-conviction court denied Petitioner relief and adopted the State's response:[5]

> At the hearing on the motion to withdraw plea, counsel stated he had reviewed the case and discovery as well as the defendant's written and recorded confession and that there wasn't even a good faith basis to file a Motion to Suppress. He said there were no fourth amendment issues to present and that because the defendant was so articulate in his confession, it would be impossible to say that he was under the influence at the time regarding any question as to the voluntary nature of his post Miranda confession.

Exh. at Vol. II.[6]

The record and the state courts' findings belie Petitioner's assertions that counsel knew that Petitioner was intoxicated, without sleep, and without food prior to his confession. A court

---

[5] The State's response referred to the testimony from the evidentiary hearing on Petitioner's Rule 3.170 hearing.

[6] The State further noted that Petitioner raised this matter on direct appeal and the denial on appeal foreclosed relief in his subsequent Rule 3.850 motion.

must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690). "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 125 S. Ct. 2456, 2462 (2005) (citations omitted). The Court finds that the state courts' decision was neither contrary to nor an unreasonable application of federal law, and did not involve an unreasonable determination of facts in light of the evidence. Defense counsel's conduct was reasonable. Moreover, defense counsel cannot be deemed to have rendered ineffective assistance for failing to have raised a meritless issue. See generally Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001)(finding that counsel's performance was not ineffective for failing to raise meritless issue).

**(2) Elements of Offense, Failure to Investigate:**

Next, Petitioner submits in ground two that trial counsel failed to "ensure that the trial judge personally knew that he understood the true nature and element of the charge." Petition at 7. Petitioner also claims that counsel failed to investigate his claim of self-defense.

Petitioner raised the issue of counsel's failure to investigate his theory of self-defense in his Rule 3.850 motion. The post-conviction court denied Petitioner relief on this claim,

referring to the State's response. In pertinent part, the State's response provided the following facts:

> The two victims in this case were roommates with the defendant in a unit in an apartment complex. On the evening of the instant crimes, a statement was taken from Kenneth Taylor. Mr. Taylor stated that the defendant came over to his (Mr. Taylor's) apartment in the same complex and was drinking. The defendant said he'd had a bad day and his girlfriend had left him. The defendant told Mr. Taylor he'd had words with Eddie and wasn't going to take this shit from him. Then Eddie and Louis (the two victims), came into Mr. Taylor's apartment. They decided to order Chinese food. Eddie and Louis went for food. When they left, Mr. Taylor got up to go to the bathroom. When he came out, the defendant had a gun in his hand, and asked Mr. Taylor to get the other gun in the apartment that Eddie had left there the previous week. Mr. Taylor said he was terrified so he retrieved the gun. The defendant said that Eddie was going to kill him (the defendant) so he (the defendant) was going to kill Eddie. When Eddie and Louis first came in to Mr. Taylor's apartment, all they had with them were their wallets and car keys. While still out getting Chinese food, Mr. Taylor kept telling the defendant not to do this, to think about his children and not to do this. He told the defendant he would like to be sitting there with him as a friend tomorrow. The defendant told Mr. Taylor to go into the bathroom. Mr. Taylor said he was shaking he so scared, and he closed the bathroom door and put the closet against the door as well. Mr. Taylor then hard the door open and heard three gunshots and heard someone said [sic] "Oh, Oh, Oh[]." Mr. Taylor stayed in the bathroom until the police came. Upon this evidence there was no basis for development of a meaningful defense of self defense. Counsel cannot be held to be ineffective for failing to develop a defense for which there is no evidentiary basis.

Exh. Vol. II.

The Court finds that the state courts' decision was neither contrary to nor an unreasonable application of federal law, and did not involve an unreasonable determination of facts in light of the evidence. The record shows that defense counsel's conduct was

reasonable. As previously stated, defense counsel cannot be deemed to have rendered ineffective assistance for failing to have raised a meritless issue. Chandler, 240 F.3d at 917. Based upon the facts in this case, particularly Osorio's confession to the police and Mr. Taylor's statement to police, defense counsel believed he had no facts to support a theory of self defense. Petitioner has not established that counsel's actions did not fall within the wide range of reasonable professional assistance. Accordingly, Petitioner is denied relief on this claim.

Also within ground two, Petitioner submits that trial counsel failed to "ensure that the trial judge personally knew that [Petitioner] understood the true nature and element of the charge." Petition at 6. Petitioner submits that counsel did not advise him as to the elements of the offenses. Petitioner raised this claim in the appeal of the denial of his Rule 3.170 motion. See Exh. 7 at 9. As previously stated, the appellate court denied Petitioner relief on this claim in its opinion *per curiam* affirming the trial court. Exh. 9.

The Court finds that the state courts' findings were neither contrary to, nor an unreasonable application of United States Supreme Court precedent. The state courts' interpretation of the facts based on the evidence was reasonable. The transcript of the plea hearing belies Petitioner's allegations. The totality of the circumstances as evidenced in the record establish that Petitioner knew the substance of the charges. Gaddy v. Linahan, 780 F.2d at

935 (11th Cir. 1986)(applying totality of circumstances test to the issue raised *sub judice*). The record shows that Petitioner was competent and alert during the plea hearing. To the extent that English is not Petitioner's first language, a Spanish interpreter assisted Petitioner, both subsequent to and during the plea hearing. As previously stated, Petitioner signed the plea form, which was read to him in Spanish. Exh. I, Vol. I at 6-7; Exh. Vol. II. Moreover, Petitioner attested during the plea hearing that his attorney had explained the essential elements of the crime. Exh. Vol. II. See Stano v. Dugger, 912 F.2d 1125, 1142 (11th Cir. 1991)(stating "[t]he defendant does not necessarily need to be told hte nature of the offense and elements of the crime at the actual plea proceedings; a knowing and intelligent guilty plea may be entered on the basis of the receipt of this information, generally from defense counsel, before the plea proceedings). Therefore, the Court denies Petitioner relief on his second claim raised in ground two.

**(3) Impact of Guilty Plea:**

In ground three, Petitioner contends that trial counsel failed to explain the impact of his guilty plea. Petition at 9. Petitioner raised this claim in his Rule 3.850 motion. Exh. 12. The post-conviction court denied Petitioner relief on this claim. Exh. 14. The Court finds that the state courts' findings were neither contrary to, nor an unreasonable application of United

States Supreme Court precedent. The state courts' interpretation of the facts based on the evidence was reasonable. Again, the transcript of the plea hearing belies Petitioner's allegations in this claim. As stated above, Petitioner was read the plea form in Spanish, which stated that counsel explained to Petitioner his rights. Exh. 1, Vol. 1 at 7. Petitioner signed the plea form. Moreover, during the plea hearing, Petitioner acknowledged that counsel explained his rights to him. Exh. Vol II. Petitioner's solemn declarations in open court carry a strong presumption of verity. Jones v. White, 992 F.2d 1548, 1556 (11th Cir. 1993). Therefore, Petitioner is also denied relief on ground three.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED.**

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability.

<u>Id.</u>  "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."  <u>Id.</u> at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). The issues raised by Petitioner does not satisfy these standards. Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** in Fort Myers, Florida, on this   17th   day of December, 2009.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record